Eastern District of Kentucky
FILED
APR 1 1 2011
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2010-77 (WOB)

STEVEN SCOTT                                              PLAINTIFF

VS.        MEMORANDUM OPINION AND ORDER

ROB SANDERS, ET AL.                                       DEFENDANTS

This matter is before the court on the motion for recovery of costs and fees by defendants Rob Sanders and Leanne Beck (Doc. 36). The court has reviewed this matter and concludes that oral argument is not necessary.

For the reasons discussed below, the court finds that defendants' motion is well taken.

### *Factual and Procedural Background*

Plaintiff filed this civil rights action on April 7, 2010, alleging federal and state claims for false arrest, abuse of process, malicious prosecution, and negligence. (Doc. 1) The substance of plaintiff's complaint was that he had been wrongfully arrested and charged with third-degree burglary. Among others, plaintiff named as defendants Rob Sanders, the Commonwealth Attorney for Kenton County, and Leanne R. Beck, an Assistant Commonwealth Attorney in Sanders's office. (Doc. 1)

On June 17, 2010, this court issued an Opinion and Order in *Howell v. Sanders*, ___ F. Supp.2d ___, Civil Action No. 09-200(WOB), 2010 WL 2490343 (E.D. Ky. June 17, 2010), a civil rights case also filed by counsel for plaintiff[1] herein against Sanders. In *Howell*, this court held that Sanders was absolutely immune from suit, based upon long standing Supreme Court precedent, where the plaintiff's allegations of misconduct in relation to her prosecution were based on actions taken by Sanders during the judicial phase of the criminal proceedings in question. *Id.* at *4-7.

The day after the *Howell* opinion issued, counsel for Sanders and Beck in this action sent an email to plaintiff's counsel, stating:

Dear Eric,

Given Judge Bertelsman's recent decision in the Howell matter which we have set forth below, we believe it is clear that we will also obtain a dismissal in the Scott matter once Mr. Sanders and Ms. Beck are properly served and we so move the Court. Based upon the clear law and Judge Bertelsman's opinion in the Howell case, we believe proceeding with the Scott case will be a waste of time for both your client and for us. Therefore, we respectfully request that you voluntarily dismiss your claim against both Mr. Sanders and Ms. Beck in the Scott matter.

---

[1] Plaintiff's counsel as referred to herein is Eric C. Deters. Ashley Bolender, also now listed as counsel of record for plaintiff, was added after the filings and events discussed herein and did not sign any of the relevant papers.

2

(Doc. 36-3) Less than half an hour later, plaintiff's counsel responded: "Not happening." (*Id.*)

On July 12, 2010, plaintiff's counsel – without pursuing any discovery -- filed an Amended Complaint in this action, again asserting claims against Sanders and Beck. (Doc. 6) In the Introduction to this Amended Complaint, plaintiff recited various tenets of prosecutorial immunity. (Doc. 6 at 3) Under a "Rule 11 Certification," plaintiff's counsel stated:

> The undersigned certifies to the Court that he has thoroughly researched the law and the issues raised in the Complaint, including research on absolute and qualified immunity. In addition, he has a thorough knowledge of the alleged facts based upon an examination of the discovery produced during the criminal allegations against the Plaintiff and has interviewed the Plaintiff. The claims herein are supported by existing law or an extension, modification or reversal of current law.[2]

(Doc. 6 at 15)

In this Amended Complaint, plaintiff alleged that Beck "knew she lacked probable cause but continued to pursue criminal charges against the Plaintiff." (Doc. 6 ¶ 41) Plaintiff also alleged that defendants "acted with complete and utter disregard for the Plaintiff's rights during investigative stages and during the prosecution" of the case against him. (*Id.* ¶ 42)

---

[2] As will be discussed below, further developments revealed that the facts stated in this "certification" were largely fictitious.

3

He further alleged that he had a right to have exculpatory evidence produced to him. (*Id.* ¶ 45)

Plaintiff made no factual allegations as to Sanders, alleging only that Sanders "knew that its prosecuting attorneys and other support staff had an ongoing policy, custom and/or practice that was causing constitutional rights' violations." (*Id.* ¶ 55)

On September 17, 2010, Sanders and Beck moved to dismiss the Amended Complaint against them on the basis of prosecutorial immunity. (Doc. 24) Specifically, defendants noted that all activities allegedly undertaken by Sanders and Beck occurred during the advocacy stage of plaintiff's prosecution. (Doc. 24 at 3) On October 8, 2010, plaintiff filed a response to defendants' motion to dismiss (Doc. 26), and defendants filed a reply on October 22, 2010. (Doc. 27)

The court held oral argument on the motion to dismiss on December 1, 2010. (Doc. 34) After opening remarks by defendants' counsel, including a discussion of the court's holding in the *Howell* opinion, plaintiff's counsel stated: "Your Honor, this was filed before your decision in Howell. I mean, we recognize that. Okay?" (Doc. 34 at 5) The discussion proceeded, with the court noting that each of plaintiff's arguments had been specifically rejected by opinions of the

4

Supreme Court, which had been summarized in the *Howell* opinion. (Doc. 34 at 6-8, 14, 16)

The court further discussed the requirements of Rule 11 of the Federal Rules of Civil Procedure, noting that the certification contained in the Amended Complaint did not comply with the requirements of that rule. (Doc. 34 at 9-13, 17-19) Plaintiff's counsel responded, "I plead guilty to that, Your Honor." (Doc. 34 at 19)

The court's colloquy with plaintiff's counsel revealed that he had not, even up to that time, done any investigation or discovery to determine at what point Beck had become involved in plaintiff's criminal prosecution – a fact that is critical in determining prosecutorial immunity. *See Howell*, 2010 WL 2490343 *passim*. Therefore, the following transpired:

> THE COURT: I don't see anything in here other than, you know, that she prosecuted the case apparently in good faith. And then when she realized the fingerprint wasn't any good, she tried to get out of it gracefully. The Supreme Court said, oh, that's immune. She's immune for that.

(Doc. 34 at 14)

When the court inquired as to what Beck had done in relation to plaintiff's prosecution, defendants explained that Beck became involved only after the case had been bound over to the grand jury after a preliminary finding of probable cause had

5

been made by a judge. (Doc. 34 at 14-16) Presenting a case to the grand jury and proceeding with the prosecution are plainly advocacy functions protected by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 490-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Yet, plaintiff's counsel made no pre-filing effort to determine that rather elementary fact. Therefore, the court stated:

> THE COURT: . . . So now having heard this statement, if she put that in the form of an affidavit, I think she'd be immune. So I can require her to do that if you wish.
> MR. DETERS: It's not - it's not necessary. You can rule accordingly.
> THE COURT: Okay. I think both Mr. Sanders and Ms. Beck are immune, and they will be dismissed.

(Doc. 34 at 20)

Hearing the court's ruling, plaintiff's counsel stated, "Your Honor, in light of the decision in the <u>Howell</u> case, your decision in this case is not unexpected." (Doc. 34 at 16) Thereafter, the court entered an order granting Sanders's and Beck's motion to dismiss. (Doc. 33)

On December 31, 2010, plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit from the order dismissing Sanders and Beck, purportedly under the collateral order doctrine. (Doc. 35) Clearly, this appeal was frivolous.

On January 3, 2011, Sanders and Beck filed the instant motion for recovery of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927. (Doc. 36) On February 14, 2011, the Sixth Circuit dismissed plaintiff's appeal, pursuant to a motion for voluntary dismissal. (Doc. 40)

## *Analysis*

Under 28 U.S.C. § 1927, a court may award sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." The statute provides that in such situations, the court may require the attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"A court may assess fees without finding bad faith, but [t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Royal Oak Entm't, L.L.C. v. City of Royal Oak*, 316 F. App'x 482, 487 (6th Cir. 2009) (citation and internal quotations omitted).

"In short, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence. Thus, an attorney is sanctionable

when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* "Vexatiously multiplying proceedings" includes conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous." *Id.*

Having reviewed these principles, the court will not belabor the matter. Plaintiff's counsel's actions herein have violated both the letter and the spirit of 28 U.S.C. § 1927 and Rule 11, although the latter is inapplicable here for procedural reasons.³ Even as originally pled, plaintiff's complaint alleged no facts which, if true, would establish that either Sanders or Beck took actions which would fall outside the protections of absolute prosecutorial immunity. As discussed during oral argument, all theories upon which plaintiff sought to state claims against these defendants have been rejected by the United States Supreme Court.

---

³ Defendants have invoked only the former provision, presumably because they did not opt to follow Rule 11's "safe harbor" requirements. *See* Fed. R. Civ. P. 11(c)(2). The court notes that plaintiff's counsel's inclusion of a boilerplate assertion on a complaint that he has complied with Rule 11 does not, without more, require a conclusion that he has actually done so.

Moreover, even if plaintiff's counsel misunderstood prosecutorial immunity when this suit was originally filed,[4] any misunderstanding could reasonably have persisted no later than the issuance of this court's opinion in *Howell*. In that opinion, this court granted a motion to dismiss by Sanders and, in so doing, reviewed at length Supreme Court precedent on the doctrine of prosecutorial immunity. No reasonable counsel could have read that opinion and not have realized that the allegations contained in the original complaint herein stated no viable claim against either Sanders or Beck.[5]

Indeed, the day after the *Howell* opinion issued, counsel for Sanders and Beck sent an email to plaintiff's counsel, quoted above, respectfully requesting that plaintiff voluntarily dismiss the claims against his clients. (Doc. 36-3) Instead of responding, perhaps, "Let me take her deposition and, if she is immune, I will dismiss her," he replied: "Not happening." (*Id.*) This response evidences a contumacious disregard for his professional responsibilities and of the applicable statute and Civil Rules.

---

[4] The Rule 11 certification contained in the original complaint, however, suggests that counsel was fully aware of the potential applicability of the immunity defense.

[5] Indeed, the *Howell* opinion contained no new principles of law, but simply discussed existing authorities, most of them quite venerable.

9

At the time defendants' counsel made this request, little had taken place in this case apart from its filing and the issuance of summons. Had plaintiff's counsel acknowledged the futility of the claims against Sanders and Beck and voluntarily dismissed them at that time, or after reasonable discovery, defendants would have incurred few expenses as a result of this proceeding.

Instead, approximately one month later, plaintiff filed the Amended Complaint, which added no new factual allegations against Sanders or Beck but instead asserted against them the same insubstantial claims. Indeed, because the Amended Complaint contains an expanded preface regarding prosecutorial immunity, the court assumes that plaintiff's counsel had indeed read the *Howell* opinion and the cases it cites but chose to proceed in this matter anyway.

The dialogue during oral argument underscored plaintiff's counsel's apparent disregard for the fact that his actions had, and were, needlessly multiplying the proceedings as to Sanders and Beck.

First, counsel attempted to justify his actions by stating: "You Honor, this was filed before your decision in Howell. I mean, we recognize that. Okay?" (Doc. 34 at 5) The fact is, as noted above, the Amended Complaint which was the subject of

10

defendants' motion to dismiss was filed approximately one month *after* the *Howell* opinion issued.

Second, as already noted, it was apparent that plaintiff's counsel had done no pre-filing investigation, as required by Rule 11, to determine what actions, if any, had been taken by Sanders or Beck during the pre-judicial phase of the criminal proceedings against plaintiff. Although counsel stated that they had filed a separate action under Fed. R. Civ. P. 27 ("Petition to Perpetuate Testimony") to obtain pre-filing discovery, Rule 27 is not a proper vehicle for that purpose, and the Magistrate Judge so held in dismissing plaintiff's petition.[6]

Third, plaintiff's counsel stated that the court's decision granting absolute immunity to Sanders and Beck was "not unexpected" given the *Howell* decision. (Doc. 34 at 16) The court interprets this statement as a concession that counsel knew full well, once *Howell* was decided, that the claims he was asserting on his client's behalf against Sanders and Beck in this matter were without merit.

This chronology of events demonstrates that plaintiff's counsel knowingly pursued frivolous claims against these two defendants long after he knew the claims to be such, thereby causing defendants to incur additional litigation costs. This

---

[6] *See In re Steven Scott*, Cov. Action No. 10-mc-038-DLB-JGW, Doc. 2.

is not simply negligence; it demonstrates an intentional and vexatious abuse of the judicial process, exactly what § 1927 means to guard against. *See Royal Oak*, 316 F. App'x at 487.

Plaintiff's response to defendants' motion for costs perpetuates what appears to the court to be a deliberate disregard for "the obligations owed by a member of the bar to the court." *Id.* at 487. Plaintiff's brief states, on its first page and throughout, without ambiguity, that the court determined during the oral arguments that plaintiff's counsel had not violated Rule 11 in these proceedings. (Doc. 39 at 1) The court is at a loss to infer any reasonable explanation for this representation, given that the court: (a) made no such finding, and (b) in fact, strongly implied to the contrary. Such a blatant misrepresentation of the record compounds the vexatious conduct which led to the instant motion.

Plaintiff's counsel also attached to his opposition an affidavit containing serious unsupported accusations against other members of the Kentucky bar and judiciary which are irrelevant to the present matter.

Finally, perhaps most disturbing is counsel's attachment to his brief of a copy of a letter he apparently sent to a professor at the Salmon P. Chase Law School. (Doc. 39-1) The publication of such a scurrilous letter through the channels of

12

this lawsuit, where irrelevant to any issue before the court, is so far removed from counsel's role as an advocate for this plaintiff that it underscores the court's conclusion that counsel has knowingly and vexatiously multiplied these proceedings.

Aggravating these actions is the fact that counsel appears to have been using the processes of the United States District Court to pursue an invidious personal vendetta. In furtherance of this vendetta, he appears to have been using proceedings in this court to shelter libelous statements for which, were they not made in the course of judicial proceedings, he could be sued. Indeed, the court finds the response even more appalling than the frivolous filings which preceded it.

Therefore, having reviewed this matter, and being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) The motion for recovery of costs and fees by defendants Rob Sanders and Leanne Beck against Eric C. Deters (Doc. 36) be, and is hereby, **GRANTED**; and (2) **Within thirty (30) days of entry of this** order, Sanders and Beck shall file an itemization, supported by an affidavit of counsel, of the costs, expenses, and attorneys' fees reasonably incurred in defense of this case after June 17, 2010.

This 11th day of April, 2011.

                                                *William O. Bertelsman*
                                                **WILLIAM O. BERTELSMAN, JUDGE**