TO BE PUBLISHED IN F. SUPP. 2d

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2010-77 (WOB)

STEVEN SCOTT                                                PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

ROB SANDERS, ET AL.                                         DEFENDANTS

**BERTELSMAN, William O., District Judge:**

This matter is before the court on the "Motion to Vacate and Stay the Court's Memorandum Opinion and Order" by plaintiff's counsel, Eric Deters. (Doc. 49) That Memorandum Opinion and Order (Doc. 47) imposed sanctions on Mr. Deters and directed counsel for the defendants to file an itemization of fees and expenses.

Such itemization has since been filed. (Doc. 51) The total of costs, expenses, and fees claimed is $12,765.45. The court gave Mr. Deters the opportunity to file objections to this itemization, and he has responded that he has none to the itemization, although he continues to object to the imposition of any sanctions. (Doc. 58)

Reference is made to the court's previous Memorandum Opinion and Order for the factual and procedural background pertinent to the present motion and the court's reasoning for imposing the sanctions. *See Scott v. Sanders*, No. 2010-77 (WOB), 2011 WL 1366365, at *1-*3 (E.D. Ky. April 11, 2011).

After careful consideration, the court concludes that the decision to impose the sanctions was correct and that this motion, which is in effect a motion for reconsideration of that decision, must be **DENIED.**

The court will not re-hash the entire matter, but notes the following points.

### 1. *Rule 11 and § 1927 are not mutually exclusive*

Mr. Deters argues that, because defendants did not follow the safe-harbor procedures set for in Fed. R. Civ. P. 11, sanctions under 28 U.S.C. § 1927 may not be imposed.

This argument is without merit. Both the Supreme Court and the Sixth Circuit have held that Rule 11, § 1927, the inherent power of the court, and any of several other rule and statutory provisions under which sanctions may be imposed, are complementary, not mutually exclusive. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 46-50 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 511-17 (6th Cir. 2002)(extensive discussion).

In the present case, the defendants moved for sanctions under § 1927 which reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The Sixth Circuit has recently explained that sanctions under § 1927 "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Royal Oak Entm't, L.L.C. v. City of Royal Oak,* 316 F. App'x 482, 487 (6th Cir. 2009). An attorney is sanctionable where, as this court has found here, "he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* "Vexatiously multiplying proceedings" includes conduct where, as the court has found occurred here, "an attorney knows or reasonably should know that a claim pursued is frivolous." *Id.*

The provisions of Rule 11 are pertinent to an analysis of whether sanctions should be imposed under § 1927, because in addition to providing the procedures for seeking sanctions under the rule itself, Rule 11 enumerates the duties of counsel in filing lawsuits and making factual and legal representations to

3

the court.  *See* Fed. R. Civ. P. 11(b).  Whether counsel's obligations under this rule were met is pertinent to the court's analysis of whether his actions were "vexatious" or otherwise sanctionable under § 1927.

Here, the court has held that counsel presented an affidavit for an "improper purpose," namely to pursue a personal vendetta against persons having nothing to do with this case.  *See* Fed. R. Civ. P. 11(b)(1).  Further, the court has held that counsel failed to make "an inquiry reasonable under the circumstances" of the role that the prosecutorial defendants played in the prosecution of the plaintiff.  *See* Fed. R. Civ. P. 11(b).

### *2. Modification of Existing Law*

Rule 11(b)(2) provides that by signing and filing a pleading, an attorney

> certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . .
>
> 2) the claims, defenses, and other legal contentions are *warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .*

Fed. R. Civ. P. 11(b)(2) *(*emphasis added.)

Counsel here attempts to justify his suing prosecutors -- although they are immune under existing law -- by arguing that

4

his suit against the prosecutors is justified by subsection (b)(2).

The problem with this contention is that, as a condition precedent to seeking shelter under the umbrella of this subsection, counsel must actually make "a nonfrivolous argument" for the modification of existing law. No such argument was made here either in the pleadings or plaintiff's response to the defendants' motion to dismiss.

Therefore, the "modification of existing law" defense cannot be considered. *See Weiss v. First Citizens Bank & Trust Co.,* 111 F.3d 1159, 1170 (4th Cir. 1997) (plaintiff could not invoke Rule 11(b)(2) where "he failed to make a good-faith argument, or any argument at all, for the reversal of such well-established law"). *Accord Bautista v. Star Cruises,* 696 F. Supp.2d 1274, 1278-9 (S.D. Fla. 2010) (failure to disclose local circuit law, make argument to distinguish same, or to modify existing law barred defense to sanctions); *Virgin Islands Daily News v. Government of the Virgin Islands,* No. Civ. 593/2002, 2002 WL 31956031, at *3 (V.I. Dec. 19, 2002)(sanctions imposed where attorney made no argument for change of contrary existing law); *Goldstein v. Malcolm G. Fries & Assoc.,* 72 F. Supp.2d 620, 628 (E.D. Va. 1999) (advocate for change in existing law must plainly state that he or she is arguing for a reversal or change of law and present nonfrivolous argument in support of changing

law). *Compare Kesler v. Auto-Owners Ins. Co.*, Civil No. 3:06-cv-79, 2007 WL 4233173, at *6 (D.N.D. Nov. 28, 2007) (declining to impose Rule 11 sanctions where counsel made nonfrivolous argument for modification of existing law; counsel cited existing law and caselaw from other jurisdictions demonstrating different approach and reasons for proposed change).

Further, the Advisory Committee on Civil Rules has observed that "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether paragraph (2) has been violated." Fed. R. Civ. P. advisory committee's note.

Mr. Deters has proffered no such research. The Supreme Court case cited in counsel's motion to reconsider is not in point with the facts of the present case because it involved an action against a district attorney for failure to train. *See Connick v. Thompson*, 131 S. Ct. 1350 (2011). The defendant in that case was not himself involved in an actual prosecution which had reached the judicial phase.

### 3. *Extending proceedings*

Lastly, the court notes that the abusive affidavit filed by Mr. Deters did multiply and extend these proceedings, in that the court and opposing counsel had to read and analyze it, and

the defendants felt compelled to prepare and file a counter-affidavit.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED AS FOLLOWS:**

(1) Plaintiff's Motion to Vacate and Stay the Court's Memorandum Opinion and Order (Doc. 49) be, and is hereby, **DENIED**;

(2) Defendants' motion to supplement (Doc. 57) be, and is hereby, **GRANTED**, and the supplemental memorandum attached thereto is deemed **FILED**; and

(3) Defendants Sanders and Beck shall recover from Eric Deters personally the sum of **$12,765.45**, as sanctions under 28 U.S.C. § 1927, pursuant to this order and the court's Memorandum Opinion and Order of April 11, 2011 (Doc. 47).

This 7th day of June, 2011.



Signed By:
*William O. Bertelsman* WOB
United States District Judge